No. 659

SHRIVER et v. STONE et

No. 19893. Supreme Court

On motion to certify. Dock. June 12, 1926; 4 Abs. 393.

797. MUNICIPAL CORPORATIONS — Where a municipal corporation is operating and maintaining a light plant may the council grant a franchise to a private corporation for the furnishing of electric current?

This action was brought originally in the Adams Common Pleas by J. A. Shriver and D. F. Williams tax-payers on behalf of the village of Manchester against the mayor, clerk, treasurer, solicitor and counsel of Manchester and the Adams County Power & Light Company in an effort to restrain the Light Company from operating under a franchise granted by the village for the furnishing of electric current. At the time the franchise was granted the village was operating an electric light plant and furnishing thereby electricity for the inhabitants of the village.

The Court of Appeals on motion struck an answer and cross petition filed by the village from the files, said answer and cross petition setting up and alleging that the operation of the light plant owned by the Light Company would render inefficient and cut down the operation of the Municipal Electric Light Company.

The Village in the Supreme Court contends:

1. That the grant of authority in Section 4 Article 18 of the Constitution cannot be alienated.

2. That a municipal corporation cannot dispose of an active public utility and grant to others the right to operate a similar public utility.

Attorneys—Blair & Blair, Portsmouth, for Shriver et; C. F. Denning, Cincinnati, D. O. Morrow, Hillsboro, E. S. Young & A. H. Holderness, Manchester, for Defts.

---

No. 660

PEOPLES RY. CO. v. SPINDLER

No. 19894. Supreme Court

On motion to certify. Dock. June 14, 1926.

465. ERROR—Is it error in an action for damages arising from alleged negligence to ask the motorman of the electric car belonging to the defendant company if he understood that whenever a street car and an automobile come to a crossing the one who gets to the crossing first has the right of way?

Sue Spindler brought this action originally in the Montgomery Common Pleas against the Peoples Railway Company for damages arising from a collision between her automobile and an electric car belonging to the company.

It appears that a collision occurred between an electric car owned by the company and Spindler's automobile while she was crossing the tracks at a cross-over in a public highway.

The error complained of is the court permitting the following question to be asked and answered by the motorman operating the electric car:

"Did you understand at that time that whenever a street car and an automobile came to a crossing the one that gets to the crossing first has the right of way?"

Another error complained of is the court's refusal to charge as follows:

"As a matter of law the motorman was not required to immediately attempt to bring his car to a full stop just because he saw the automobile stopped near the crossing?"

Spindler recovered a verdict and the Court of Appeals affirmed the judgment.

The Company in the Supreme Court contends:

1. That the question asked the motorman was one of law and therefore not competent to be answered by a witness.

2. That the court erred in refusing to charge the jury as requested because such requested charge was true as a matter of law.

Attorneys—McMahon, Corwin, Landis & Markham, for Company; Mattern, Brumbaugh & Mattern, for Spindler; all of Dayton.